[Cite as *Stewart v. Ohio Disciplinary Counsel*, 2025-Ohio-3082.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| William W. Stewart, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 25AP-88 |
| v. | : | (Ct. of Cl. No. 2024-00624JD) |
| Ohio Disciplinary Counsel, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on August 28, 2025

**On brief:** *William W. Stewart*, pro se. **Argued:** *William W. Stewart*.

**On brief:** *Dave Yost*, Attorney General, *Amy S. Brown*, and *Duffy Jamieson*, for appellee.

APPEAL from the Court of Claims of Ohio

PER CURIAM.

{¶ 1} Plaintiff-appellant, William W. Stewart, appeals the judgment of the Court of Claims of Ohio dismissing his action for lack of subject-matter jurisdiction. For the following reasons, we affirm the Court of Claims' judgment.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 2} Stewart filed a complaint on August 12, 2024 and an amended complaint on September 9, 2024 with the Court of Claims against the Ohio Disciplinary Counsel. In his complaint, Stewart alleged that he had filed a grievance with the Ohio Disciplinary Counsel regarding allegations he had made against a judge who presided over his parental custody proceedings, that the Ohio Disciplinary Counsel dismissed his grievance against the judge without conducting a proper investigation, and that he was entitled to $20 million in damages.

{¶ 3}   On September 16, 2024, the Ohio Disciplinary Counsel filed a motion to dismiss Stewart's amended complaint, arguing the Court of Claims lacks subject-matter jurisdiction over disciplinary proceedings with members of the bar.  In response, Stewart filed an affidavit that contained documents he submitted to the Ohio Disciplinary Counsel that he proffered as evidence of judicial misconduct.  On October 4, 2024, the Disciplinary Counsel filed a motion to strike the documents Stewart filed with the Court of Claims, arguing the documents were from a dismissed grievance proceeding and violated the confidentiality provisions under Gov.Bar. R. V.

{¶ 4}   On December 6, 2024, the Court of Claims granted the Disciplinary Counsel's motion to strike Stewart's filing and dismissed Stewart's action, finding that it lacked subject-matter jurisdiction.  The court stated that "[u]nder Ohio law, the Ohio Supreme Court has exclusive, 'original jurisdiction over the discipline of persons admitted to the bar and all other matters relating to the practice of law.' *State ex rel. Parisi v. Dayton Bar Assn. Cert. Griev Comm.*, 159 Ohio St.3d 211, 217 (2019)."  (Dec. 6, 2024 Entry at 4.)

{¶ 5}   Stewart now appeals.

## II. ASSIGNMENT OF ERROR

{¶ 6}   Stewart's sole assignment of error states that "[t]he court has dismissed this trial because it didn't have the power to decide this case.  The court also wanted all documents in this case to remain confidential and sealed according to Gov Bar R. V. (8)[.] There are exceptions for this rule that the court did not consider when making [the] decision to dismiss this case."  (Appellant's Brief at 4.)

## III.  ANALYSIS

{¶ 7}   To determine whether the Court of Claims erred in granting the Disciplinary Counsel's motion to dismiss, we must consider the scope of the Court of Claims' subject-matter jurisdiction.  Subject-matter jurisdiction is the statutory or constitutional power to adjudicate the merits of a case.  *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11.  The Court of Claims is a court of limited jurisdiction; it has exclusive jurisdiction over civil actions against the state for money damages that sound in law.  R.C. 2743.02 and 2743.03. However, the Court of Claims' subject-matter jurisdiction does not encompass actions that include a prayer for money damages but, in actuality, seek review of an administrative order.  *Shampine v. Ohio Dept. of Job & Family Servs.*, 2011-Ohio-6057, ¶ 17-19 (10th

Dist.); *Chenault v. Ohio Dept. of Job & Family Servs.*, 2011-Ohio-3554, ¶ 17-20 (10th Dist.); *George v. Ohio Dept. of Human Servs.*, 2005-Ohio-2292, ¶ 35 (10th Dist.). An action in the Court of Claims is not a substitute for a statutorily created right of appeal of an administrative decision. *George* at ¶ 35.

{¶ 8} Ohio Constitution, Article IV, Section 5(B) states that the Supreme Court "shall make rules governing the admission to the practice of law and discipline of persons so admitted" and that "[a]llegations of judicial misconduct are subject to the disciplinary system in accordance with Gov.Bar R. V(2)(A)." *State v. Ahmed* (*In re Berhalter*), 2023-Ohio-4881, ¶ 37. Ohio Gov.Bar R. V(2)(A) states that the Board of Professional Conduct of the Supreme Court of Ohio shall have exclusive jurisdiction over grievances regarding conduct of members of the bar:

> Except as otherwise expressly provided in rules adopted by the Supreme Court, all grievances involving alleged misconduct by judicial officers or attorneys, proceedings with regard to the alleged mental illness, alcohol and other drug abuse, or disorder of a judicial officer or attorney, proceedings for the discipline of judicial officers, attorneys, persons under suspension or on probation, and proceedings for the reinstatement to the practice of law shall be brought, conducted, and disposed of in accordance with the provisions of this rule.

{¶ 9} The matters Stewart raises challenge the outcome of the grievance proceedings he initiated with the Ohio Disciplinary Counsel. However, the Court of Claims, with its limited jurisdiction, is not the proper forum for Stewart to appeal the Ohio Disciplinary Counsel's ultimate decision. While Stewart alleges harm to his, and his child's, mental and emotional health and seeks $20 million in damages, this does not confer jurisdiction upon the Court of Claims. This court has previously stated that "when resolution of a claim would require the Court of Claims to review an administrative order that is subject to its own statutory appeals process, the characterization of the claim as a claim for damages does not render the claim justiciable in the Court of Claims." *Jabr v. Ohio Dept. of Job & Family Servs.*, 2016-Ohio-4775, ¶ 10 (10th Dist.). Accordingly, we find that the Court of Claims did not err when it found it lacked subject-matter jurisdiction over Stewart's claims, and we overrule Stewart's assignment of error.

{¶ 10} Stewart also challenges the Court of Claims' striking of his filings containing confidential records. As we have already determined that the Court of Claims lacked subject-matter jurisdiction, we decline to address this issue, as it is moot.

**IV. CONCLUSION**

{¶ 11} For the foregoing reasons, we overrule Stewart's assignment of error and affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

DORRIAN, BOGGS, and LELAND, JJ., concur.

———————————